FILED

2024 NOV 12 P 3:57

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

**CHARLES R. CLEMENS**

**Plaintiff Pro Se**

**CIVIL ACTION NO. 1:21-CV-1002**

**v.**

**COUNSELORCHEN, P.C.** a Virginia Corporation
**CONSUMER SOLUTION CENTER,** an unregistered CA company.
**JOHN ESTRADA,** an individual operating an unregistered CA Company in VA.
**BRIAN W. BRITTAIN,** an individual operating an unregistered CA Company in VA.
**GLOBAL CLIENT SOLUTIONS,** an Oklahoma LLC
**CANDICE O'BRIEN,** an individual
**JOHN/JANE DOES 1-5** are unknown entities

**Defendants**

______________________________/

**PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT**

Plaintiff CHARLES R CLEMENS ("Clemens") respectfully moves, under Fed. R. Civ. P. 55(b)(2), for a default judgment against Defendants CONSUMER SOLUTION CENTER ("CSC") JOHN ESTRADA ("Estrada") BRIAN BRITTAIN ("Brittain") and CANDICE O' BRIEN ("O'Brien")

## I. STATEMENT OF FACTS

Liability: The Plaintiff in this case, Charles Clemens, received twenty-eight (28) phone calls to his personal wireless telephone number, (518) 495-XXXX which was listed on the National Do Not Call Registry. Compl. ¶29. Defendants run a business offering credit card debt reduction services. Compl. ¶ 33. Defendants use telemarketing to market its services, including to persons, like Plaintiff, who did not provide his prior express written consent to receive such solicitations. Compl. ¶¶ 15, 133.

. Jurisdiction: This Court has specific personal jurisdiction over Defendants because they availed themselves by intentionally directing phone calls into Virginia. This court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 372 (2012).* This Court has supplemental jurisdiction over Plaintiff's claim under the Virginia Telephone Privacy Protection Act, Va. Code § 59.1- 510-518 (VTPPA) claim pursuant to 28 U.S.C. § 1367(a), because the VTPPA claim arises out of the same facts and circumstances as Plaintiff's TCPA claim. Compl. ¶ 9.

. Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(1)-(2) because a substantial part of the illegal telemarketing calls, giving rise to the Plaintiff's claims and this lawsuit, terminated in Loudoun County which is part of this District. The Plaintiff resides in this District. The previously named Defendant, CounselorChen, P.C. whose principal is Andrew Chen, a bar admitted attorney who was found to not have liability in this matter,

conducted business in this district when the allegations occurred. Candice O'Brien, who purportedly worked for CounselorChen, P.C., lives in this District. Compl. ¶ 10.

Injury: This case arises from Defendants' violations of federal and state laws by ignoring the National Do Not Call Registry. Compl. ¶ 11. Defendants made some of the calls using an automatic telephone dialing system (ATDS) that was engineered to display spoof telephone numbers. Compl. ¶ 11, 31. The Defendants and their callers failed to fully identify him/herself and failed to provide a working telephone number whereby the Plaintiff could utilize in an attempt to have his number removed from the caller(s) marketing list. Hence, the callers' identities remain unidentified. Compl. ¶ 11. Plaintiff did not provide prior express written consent to receive these calls. Compl. ¶ ¶ 21, 133. Plaintiff's requests to not call him, requests to provide internal do not call policies, and requests to explain the discrepancies in the corporate identity of Consumer Solution Center ("CSC") resulted in Mr. Esparza and Mr. Brittain either ignoring Plaintiff or spinning their responses. Compl. ¶ ¶ 74, 77. For example, when Plaintiff asked why the caller ID displayed Pennsylvania, Mr. Estrada stated that technology enabled his calls to be routed through this state to "keep expenses down." Compl. ¶ 48. The calls caused the Plaintiff to experience frustration, emotional distress, anxiety, invasion of privacy, and lost time.

Damages: Damages for violations of Virginia Telephone Privacy Protection Act ("VTPPA") § 59.1-515 A. (2019) are set by statute at $500 per violation. § 59.1-515 B. states *"If the court finds a willful violation, the court may, in its discretion, increase the amount of any damages awarded under subsection A to an amount not exceeding $1,500."*

Plaintiff alleges that he received twenty-eight (28) phone calls, Exhibit 1, in violation of § 59.1-514 B. which states *"No telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry maintained by the federal government pursuant to the Telemarketing Sales Rule, 16 C.F.R. Part 310, and 47 C.F.R. § 64.1200."* Plaintiff will present at any hearing screenshots of the calls and screenshots of "Recents" from his iphone in electronic format after he secures the permission of the court. The latter is necessary to prove the receipt of missed calls which do not appear on the Verizon call detail records, exhibit 4, but nonetheless are violations. Plaintiff alleges that he received twenty-eight (28) phone calls in violation of § 59.1-512 Identification of telephone solicitor required. § 59.1-512 states *"A telephone solicitor who makes a telephone solicitation call shall identify himself by his first and last names and the name of the person on whose behalf the telephone solicitation call is being made promptly upon making contact with the called person."* Plaintiff alleges that he received twenty-eight (25) phone calls in violation of § 59.1-513 (A) (B). which state "*A. A telephone solicitor who makes a telephone solicitation call shall transmit the telephone number, and, when available by the telephone solicitor's carrier, the name of the telephone solicitor. It shall not be a violation of this section to substitute (for the name and telephone number used in, or billed for, making the call) the name of the person on whose behalf the telephone solicitation call is being made and that person's customer service telephone number. The number so provided must permit, during regular business hours, any individual to make a request not to receive telephone solicitation calls."* and *"B. No telephone solicitor shall take any intentional action to prevent the transmission of the telephone solicitor's name or telephone number to any person receiving a telephone solicitation call.*" Defendants, each of whom are jointly and

severally liable violated § 59.1-512, § 59.1-513, § and 59.1-514 knowingly and willfully. Every call violated § 59.1-512. Beginning with the very first call on August 30, 2019, the caller stated he was with "Credit Solutions." Compl. ¶ 32- 33. Plaintiff responded to the name Mr. Beal when he was addressed by this name. Compl. ¶ 32. Subsequently he was referred to as Charles Beal by the marketers. In the same call, John Estrada stated he was with Consumer Solutions Center. Compl. ¶ 35. Importantly, Credit Solutions, Consumer Solution Center, and Charles Beal do not exist and there is not any evidence they ever existed. Compl. ¶ ¶ 71, 73. Throughout the series of calls, John Estrada and Candice O'Brien made repeated references to their affiliation with COUNSELORCHEN, a Richmond attorney. Compl. ¶ ¶ 6, 58, 60, 89, 90. Later it was determined through affidavits and scripts provided to the Plaintiff by Ms. O'Brien that her assertions that she was affiliated with CounselorChen were false. Moreover, Mr. Chen denies any involvement with the marketers. In summation, Defendants Esparza and O'Brien violated § 59.1-512 when twenty-eight (28) calls were made, and they failed to identify the true beneficiary of the calls. Plaintiff is entitled to statutory damages in the amount of $500 per violation which totals $14,000.00. Because each call was made knowingly and willfully to shield the identity of Esparza, Brittain, and CSC, Plaintiff seeks a trebled amount of $1500 per call for each of the twenty-eight (28) calls which totals $42,000.00. Defendant Esparza violated § 59.1-513 twenty-five (25) times using telephone numbers (878) 201-9429, (949) 440-1304 and (949) 555-1212. These are spoof number calls which do not enable call recipients to call back during business hours. Compl. ¶ 50-51. Hence, recipients cannot call back to request that their number be added to the caller's internal do not call list. Plaintiff is entitled to statutory damages in the amount of $500 per violation totaling $12,500.00. Because each call was made knowingly willfully to shield the identity of

Esparza and CSC, Plaintiff is entitled to the trebled amount of $1500 per call for each of the twenty-five (25) calls which totals $37,500.00. Note that it was determined Candice O'Brien did not use a spoof telephone number for three (3) of the calls. Defendants Esparza, Brittain, O'Brien, and CSC violated § 59.1-514 (B) whereby knowingly and willfully each of them made calls to a number on the National Do Not Call Registry twenty-eight (28) times, Plaintiff is entitled to statutory damages in the amount of $500 per violation totally $14,000.00. Plaintiff is entitled to the trebled amount of $1500 per call for each of the twenty-eight (28) calls totaling $42,000. Plaintiff is entitled to recover $402.00 in filing fees, and Service fees of $124.00 for a total of $122,026.00.

Damages for Violation of TCPA 47 C.F.R. § 64.1200(d) Compl. ¶ ¶ 78, 187-188. Plaintiff alleges that Defendant initiated calls to his phone number in violation of 47 C.F.R. § 64.1200(d). Compl. ¶ 78. [47 C.F.R. § 64.1200(d)] relates to a marketer's duty to prepare internal policies to receive and implement affirmative requests not to receive calls." *Bailey v. Domino's Pizza, LLC*, 867 F.Supp.2d 835, 842 (E.D. La. 2012). Relevant here, § 64.1200(d) requires entities making calls for telemarketing purposes have "a written policy, available upon demand, for maintaining a do-not-call list" and that "any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *See* 47 C.F.R. §§ 64.1200(d)(1). This regulation also applies to wireless telephone numbers. *Id.* § 64.1200(e). Here, Plaintiff requested a copy of CSC's do not call policy, but it was not sent to him. Compl. ¶ 78. Plaintiff has alleged sufficient facts to state a claim under § 227(c) for violations of § 64.1200(d). He alleges that CSC initiated the solicitation call to his cell number and that they failed to provide Plaintiff with a copy of their do not call

policy upon request in violation of § 64.1200(d)(1). Plaintiff has provided a sufficient basis in the pleadings for a default judgment on his TCPA claim against the Defendants for violations of § 64.1200(d). Plaintiff is entitled to statutory damages in the amount of $500 per violation. Because this violation was made knowingly and willfully, Plaintiff seeks treble damages of $1500 for this violation. Total TCPA violation is $1500.00. This combined with $122,026.00 equates to $123,526.00.

Defendants committed these violations knowingly and willfully while using company names that do not exist, Compl. ¶ 125-126, using spoof numbers, Compl. ¶ 11, and not using a version of the National Do Not Call Registry Compl. ¶¶ 11, 78 that has been synced to the registry within the past 31-days. Compl. ¶ 22. Defendants continued to call Plaintiff after being asked not to call. Compl. ¶ 78. Defendants continued to call after even after Plaintiff requested his name be added to their company's internal do no call policy and asked to be sent a copy. Compl. ¶ 78. Defendant lied to Plaintiff after his inquiry about the caller ID displaying Rochester, PA. Compl. ¶ 48. Defendant lied to Plaintiff after he questioned why there was no corporate registration on file anywhere for the purported company. Compl. ¶¶ 68, 78. Plaintiff provided "Notice to the World" not to call him by registering his telephone on the National Do Not Call Registry. Compl. ¶ 17. When telemarketers ignore subscribers on the registry by calling them multiple times, as Defendants did here, it provides Plaintiff standing which may lead to treble damages in this district. Krakauer v. Dish Network, LLC, No. 1:14-CV-333, 2017 WL 4417957 (M.D.N.C. Oct. 3, 2017). Krakauer v. Dish Network, No. 18-1518 (4th Cir. 2019) "The intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." Alea London LTD. V Am. Home Services., Inc., 638 F. 3d 768, 776 (11th Cir. 2011).

**Procedural History:** On August 30, 2021, Plaintiff filed his Complaint against Defendants alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227, and regulations promulgated thereunder, and Virginia Telephone Privacy Protection Act ("VTPPA") Va. Code § 59.1 510-518 (2019). ECF No. 1. On November 26, 2021, Defendants Brian W. Brittain, ECF No. 6, Consumer Solution Center, ECF No. 8, AND John Estrada, ECF No. 9, were each served with the summons and Complaint as attested to by certificates of compliance by The Secretary of The Commonwealth of Virginia. Answers were due December 17, 2021. On November 24, 2021, Defendant Candice O'Brien was served with the summons and complaint by Plaintiff private process server, ECF No. 11. Ms. O'Brien's answer was due on December 15, 2021. Defendants did not respond to the Complaint. Plaintiff moved for entry of default against Defendants on March 9, 2022, ECF No. 33. On October 25, 2022, a clerk default was entered against Defendants. ECF No. 37. This motion now follows. Plaintiff now moves for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## II. ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgment in a case following a Defendant's default. In the 4th Circuit, a Defendant is considered to be in default when they fail to timely respond to a complaint under Federal Rule of Civil Procedure 55; there is no specific 4th Circuit case law establishing this principle, as it is directly governed by the federal rule itself. When default is shown by "affidavit or otherwise," the clerk of the court "must enter the party's default." Fed. R. Civ. P. 55(a). After entry of default, Plaintiff may seek an entry of default judgment. Fed. R. Civ. P 55(b).

### A. The Court Has Jurisdiction and Service of Process Was Proper

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and supplemental jurisdiction over Plaintiff's claim under the Virginia Telephone Privacy Protection Act, Va. Code § 59.1- 510-518 (VTPPA) claim pursuant to 28 U.S.C. § 1367(a), because the VTPPA claim arises out of the same facts and circumstances as Plaintiff's TCPA claim. Compl. ¶ 9.

#### i. Subject Matter Jurisdiction

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

#### ii. Personal Jurisdiction

There exist two types of personal jurisdiction: general and specific. General jurisdiction exists when a corporation is "fairly regarded as at home" in the state. Id. (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Generally, a corporation is "at home" on in its place of incorporation or principal place of business. *Frank v. P.N.K. (Lake Charles) LLC*, 947 F.3d 331, 336 (5th Cir. 2020). Specific personal jurisdiction exists when the suit arises out of the Defendant's contacts with the forum. *Bristol Myers Squibb Co.*, 582 U.S. at 262. "[A] federal court may assert personal jurisdiction if the state long-arm statute permits jurisdiction, and the exercise of such jurisdiction would not violate due process." *Conn Appliances, Inc v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019). Defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that

arise out of or related to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). In this case, specific jurisdiction arises out of Defendants' intentional contacts with this forum. Defendants intentionally directed phone calls into Virginia. Compl. ¶ 10. Defendants were alerted twice that they were making unregistered calls into Virginia. Compl. ¶ 78. Defendants continued to direct unregistered calls into Virginia after being warned of the unregistered calls. Compl. ¶ 78-79. ¶ Virginia has an interest in protecting their citizens and enforcing its consumer protection laws. Defendants willfully and purposefully violated Virginia consumer protection laws.

**iii. Service of Process**

Under the Federal Rules of Civil Procedure and Virginia Code § 8.01-296. 2. b., Defendant Candice O'Brien was properly served with process by Plaintiff's process server by posting at her residence on November 14, 2021. Ms. O'Brien had the opportunity to respond but did not. On October 16, 2024, Plaintiff mailed Ms. O'Brien a copy of Judge Alston's order, ECF. No. 49, as directed to do so by the order. Plaintiff has also sent Ms. O'Brien, per the instruction in the same order, a copy of this motion, affidavits, and a notice of hearing. This notice satisfies Virginia Code § 8.01-296. 2. b. by giving Defendant 10-day notice prior to a default judgment being entered. Defendants Brian Brittain, John Esparza, and Consumer Solution Center, summons and complaint served by The Secretary of The Commonwealth via certified mail has been returned by the United Staes Postal Service as being *"undeliverable, not known-unable to forward"* Exhibit 2. Plaintiff, after having made a diligent search for the Defendants, was only able without a subpoena to locate what is believed to be Brian Brittain's wireless telephone number and just recently in the past couple of days what is believed to be his P.O. Box. Plaintiff sent a text message to this telephone number on October 26, 2021, advising Mr. Brittain of the lawsuit

whereby Mr. Brittain did not respond. Plaintiff is unable to identify Mr. Esparza without using subpoenas.

**B. The Balance of Factors Weighs in Favor of a Default**

It is clear that the balance of factors surrounding Defendants' opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, the Defendants have not responded and therefore the Court is unable to consider either the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendants have demonstrated the culpability necessary for their failure to respond to weigh against them.

**i. Without Default, Plaintiff Will be Denied Relief**

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgment. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendant's failure to respond by being prevented from prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011). In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that the [p]laintiff will be unfairly prejudiced (and the [d]efendant's conduct will not appropriately be

deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

### ii. Defendant has no Meritorious Defense

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because Defendants Esparza, Brittain. and Consumer Solution Center, a company that does not exist, purposely made themselves unavailable by using a closed Mailboxes USA mail receipt facility. Compl. ¶ 3; The Court cannot determine whether or not the Defendant(s) had meritorious defenses that are not reflected in the record. The Court must therefore conclude the Defendants had no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant a default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgment is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

## C. The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $123,526.00 are both reasonable and fair given the circumstances and facts of the case.

### i. Legal Sufficiency

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. "Turner v. Thomas, 930 F.3d 640, 643 (4th Cir. 2019)". In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-ColaCo.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013).

Plaintiff personally placed his phone number, (518) 495-XXXX, on the National Do Not Call Registry on October 7, 2008. Exhibit 3. Compl. ¶ 17. Plaintiff made multiple do not call requests to the Defendants. Compl. ¶ 78. Every phone call in the Complaint was a solicitation phone call marketing debt reduction, Plaintiff did not have an existing business relationship with any of the Defendants. Compl. ¶ 135. Plaintiff has supported his VTPPA claims with adequate specificity alleging the date, time, and content of each call. Compl. ¶ 31.

First Claim: Virginia Telephone Privacy Protection Act, Va. Code § 59.1- 510-518 (VTPPA) claim pursuant to 28 U.S.C. § 1367(a), because the VTPPA claim arises out of the same facts and circumstances as Plaintiff's TCPA claim. The elements of this claim are: (1) the defendant called a private telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation; (5) without consent or having had consent revoked.

Plaintiff's Complaint pleads each element of this claim:

(1) Defendants called Plaintiff's private telephone number, Compl. ¶ 30.

(2) registered on the National Do Not Call Registry, Compl. ¶ 29.

(3) at least twice in any 12-month period, Compl, ¶ 24;

(4) for the purpose of initiating any telephone solicitation, Compl. ¶ 30.

(5) Plaintiff made multiple DNC requests, Compl. ¶¶ 78-79

Virginia Telephone Privacy Protection Act § 59.1-518 Effect on other remedies, causes of action or penalties. *Nothing in this chapter shall be construed to limit any remedies, causes of action or penalties available to any portion or governmental agency under any other federal or state law.* As such, except for the Second Claim, Plaintiff asks this honorable court to adjudicate these violations and damages under the VTPPA.

<u>Second Claim:</u> TCPA. 47 C.F.R. § 64.1200(d). (TCPA) The elements of this claim are: (1) the defendant called a private telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation; (5) without consent or having had consent revoked. 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5); 47 U.S.C. § 227(d)(6).

Plaintiff's Complaint pleads each element of this claim:

(1) Defendants called Plaintiff's private telephone number, Compl. ¶ 30.

(2) registered on the National Do Not Call Registry, Compl. ¶ 29.

(3) at least twice in any 12-month period, Comp. ¶ 24;

(4) for the purpose of initiating any telephone solicitation, Compl. ¶ 30;

(5) Plaintiff made multiple DNC requests, Compl. ¶¶ 78-79.

ii. Damages are Appropriate for Default Judgment

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

In TCPA cases, a six-figure demand does not cause the sum at stake to weigh against granting default judgment. Courts have granted six and even seven-figure default judgments in TCPA cases. See e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554m at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Engagic USA Inc., Civ.* No. 1500847, at *1-2 (M.D. Ten Jan. 16, 2018), ECF no. 274 ($259,500); *Thompson v. Dealer Renewal Servs.*, No. 4:21-cv-0467-P 2021 WL 5416605, at *3 (N.D. Tex. Nov. 18, 2021) ($221,500).

The statutory penalty for a 227(c) TCPA violation is up to $500 for each *violation* of section (c). These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call).

The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. Plaintiff in seeking relief experiences anxiety and a loss of many hours of his time prosecuting this case. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Righetti* v. *Auth. Tax Servs., No. C-14-0146 EMC.* at *8. (N.D. CA 2015). This conclusion is unchanged by the number of calls for which damages are sought. *Id.* at *9.

## CONCLUSION

Given the foregoing, Plaintiff requests damages with the exception of the lone TCPA violation be calculated according to the Virginia Telephone Privacy Protection Act, Va. Code § 59.1- 515 which mirrors TCPA statutory damages when these violations occurred in August and September of 2019.

Defendants Esparza and O'Brien violated § 59.1-512 whereby twenty-eight (28) calls were made which did not identify the true beneficiary of the calls. Plaintiff is entitled to statutory damages in the amount of $500 per violation, $14,000.00. Because each call was made knowingly and willfully to shield the identity of Esparza, Brittain, and CSC, Plaintiff seeks a trebled amount of $1500 per call for each of the twenty-eight (28) calls, $42,000.00. Defendant Esparza violated § 59.1-513 twenty-five (25) times using telephone numbers (878) 201-9429, (949) 440-1304 and (949) 555-1212. These are spoof number calls Compl. ¶ 50-51 which do not enable call recipients to call back during business hours to request their number be added to the caller's internal do not call list. Plaintiff is entitled to statutory damages in the amount of $500 per violation which totals $12,500.00. Because each call was made knowingly and willfully to shield the identity of Esparza and CSC Plaintiff is entitled to the trebled amount of $1500 per call for each of the twenty-five (25) calls which totals, $37,500.00. Note that it was determined Candice O'Brien did not use a spoof telephone number for three (3) of the calls. Defendants Esparza, Brittain, O'Brien, and CSC violated § 59.1-514 (B) whereby each knowingly and willfully made calls to a number on the National Do Not Call Registry twenty-eight (28) times. Plaintiff is entitled to statutory damages in the amount of $500 per violation $14,000.00. Plaintiff is entitled to the trebled amount of $1500 per call for each of the twenty-eight (28) calls,

$42,000.00. Brian Brittain violated 47 C.F.R. § 64.1200(d), for failure to put Plaintiff on the company's internal do not call list. Brittain knowingly and willfully failed to send Plaintiff a copy of the do not call policy when requested to. Plaintiff is entitled to statutory damages in the amount of $500 per violation. Plaintiff is entitled to the trebled amount of $1500 per violation. Plaintiff is entitled to recover $402.00 in filing fees, and Service fees of $124.00. The total in statutory damages is $123,526.00.

In summation, Plaintiff seeks damages for twenty-eight (28) violations of § 59.1-512, $42,000, twenty-five (25) violations § 59.1-513, $37,500.00, twenty-eight (28) violations § 59.1-514 (b) $42,000.00, 1 violation of TCPA. 47 C.F.R. § 64.1200(d), $1500.00, $402.00 filing fee and Service fees of $124.00 for a total of $123,526.00.

Accordingly, entry of default judgment jointly and severally against Defendants is appropriate. Therefore, Plaintiff respectfully prays that judgment be entered in the amount of $123,526.00 plus any other relief that the court deems just and proper.

Plaintiff also requests the court to award reasonable attorney fees and court costs should Plaintiff require legal representation in the future on this matter.

Respectfully submitted,

November 11, 2024

Date

Charles R. Clemens
Pro Se Plaintiff
22527 Welborne Manor SQ
Ashburn, VA 20148
Mobile: (518) 495-9301
Email: nychuck@hotmail.com

**CERTIFICATION OF SERVICE**

I hereby certify that on November 12, 2024, a copy of the foregoing was served, via certified mail upon the following:

Candice O'Brien
10750 Hinton Way
Manassas, VA 20112
Tel: (571) 298-7565

Brian W. Brittain
P.O. Box 4366
Mission Viejo, CA 92690
Tel: (714)390-3016

Charles R. Clemens
Pro Se Plaintiff

22527 Welborne Manor SQ
Ashburn, VA 20148
Mobile: (518) 495-9301
Email: nychuck@hotmail.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**____________________ DIVISION**

Charles R. Clemens
**Plaintiff(s),**

**v.**

**Civil Action Number:** 1:21-CV-1002

Counselorchen et al
**Defendant(s),**

## LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared or assisted in the preparation of** motion Default Judgment and accompanying documents and Notice of hearing.
**(Title of Document)**

Charles R. Clemens
Name of *Pro Se* Party (Print or Type)

[signature]
Signature of *Pro Se* Party

Executed on: 11/10/2024 (Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of** ____________________.
**(Title of Document)**

____________________
(Name of Attorney)

____________________
(Address of Attorney)

____________________
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

____________________
(Name of *Pro Se* Party (Print or Type)

____________________
Signature of *Pro Se* Party

Executed on: ____________________ (Date)