IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHARLES R. CLEMENS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:21-cv-1002 (RDA/LRV) |
| CONSUMER SOLUTION CENTER, *et al.*, | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the Report and Recommendation ("Recommendation") issued by U.S. Magistrate Judge Lindsey R. Vaala on July 14, 2025, and on the Objections thereto filed by *pro se* Plaintiff Charles R. Clemens. Dkts. 62-65. For the reasons that follow, the Court approves and adopts the Recommendation and overrules the Objections.

I. BACKGROUND

The Court adopts the factual and procedural background as laid out in the Recommendation, Dkt. 62 at 1-6. In essence, Plaintiff has brought claims against Defendants under a variety of consumer protection statutes based on their marketing of debt reduction services.

On November 12, 2024, Plaintiff filed his first Motion for Default Judgment. Dkt. 51. On April 14, 2025, Plaintiff filed an Amended Motion for Default Judgment.[1] Dkt. 60. On July 14, 2025, Judge Vaala entered a Recommendation, Dkt. 62, as to Plaintiff's Motions for Default Judgment. Dkt. 62. On July 28, 2025, Plaintiff objected to the Recommendation. Dkt. 63. On

---

[1] Plaintiff's Amended Motion for Default Judgment sought default against Defendants Consumer Solution Center, John Estrada, and Brian Brittain (the "Defaulting Defendants").

August 4, 2025, Plaintiff filed a Motion for Leave to Amend Plaintiff's Objections. Dkts. 64, 65. On August 18, 2025, Judge Vaala ordered that Plaintiff's Motion for Leave to Amend his Objections was granted and that the revised objections and exhibits thereto were deemed timely filed as of July 28, 2025.  Dkt. 68.

## II. STANDARD OF REVIEW

When evaluating a Recommendation, a district court employs different standards depending on whether a party has objected.  If a party has not objected to the Recommendation, the court "need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  On the other hand, a district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.").

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs default judgments sought from a federal district court.  In evaluating a motion for default judgment, the Court determines "whether the well-pleaded allegations in [the] [C]omplaint support the relief sought." *Ryan*, 253 F.3d at 780.  This means that the Court must accept the factual allegations as true and independently determine whether those allegations state a claim under the applicable law. *Id.*  This is akin to review pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which asks whether the Complaint "contains plausible claims upon which relief may be granted." *Microsoft*

2

*Corp. v. John Does 1-8*, 2015 WL 4937441, at *8 (E.D. Va. Aug. 17, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III.  ANALYSIS

As a preliminary matter, having reviewed the record, this Court does not find any clear error as to the portions of Magistrate Judge Vaala's Recommendation to which Plaintiff did not object.  Turning then to the Objections, Plaintiff raises four main objections to the Recommendation: (1) the Recommendation erroneously applied the Established Business Relationship defense under the Telephone Consumer Protection Act (the "TCPA") and the Virginia Telephone Privacy Protection Act (the "VTPPA"); (2) the Recommendation did only a cursory analysis of Plaintiff's claims under Sections 59.1-512, 59.1-513, and 59.1-514 of the VTPPA; (3) the Recommendation misapplied the TCPA by failing to analyze Plaintiff's allegations of spoofing, automatic dialing, and Do-Not-Call violations; and (4) the Recommendation misstated certain allegations made by Plaintiff in his Amended Complaint. Dkt. 63 at 2.  The Amended Objections generally expanded on these objections. Dkt. 65-2.  The Court addresses both the original Objections and the Amended Objections below.

#### A. The Misstating Allegations Objection

The Court first addresses Plaintiff's allegation that the Recommendation misstated his allegations.  Dkt. 63 at 6.  The Court has reviewed Plaintiff's allegations and the Recommendation and finds no discrepancy between the two.  Thus, Plaintiff's argument in this regard is not well taken.  Moreover, other than a conclusory allegation that these alleged inaccuracies "tainted" the Recommendation's conclusions, Plaintiff fails to identify any "taint" as to how he was prejudiced by the Recommendation's description of his allegations. Accordingly, this Objection is overruled.

#### B. VTPPA Cursory Analysis Objection

The Court next addresses Plaintiff's objection that the Recommendation "failed to meaningfully engage with the substance of [the VTPPA] provisions or apply them to the well-pled facts of this case." Dkt. 63 at 4. Again, Plaintiff's argument is not well taken as Plaintiff failed to expand on his argument in this regard. *See United States v. Faller*, 2024 WL 2933468, at *4 (W.D. Ky. June 11, 2024) (noting that a "lack of legal argument will not suffice to sustain an objection"); *Rossbach v. Comm'r of Soc. Sec.*, 2018 WL 4576675, at *4 (E.D. Mich. Sept. 25, 2018) ("Such generalized disagreement is not a valid objection and does not merit review by this Court."). Upon review of Plaintiff's objection and Recommendation, this Court finds that the Recommendation thoroughly analyzed Plaintiff's claims under Sections 512, 513, and 514 of the VTPPA. *See* Dkt. 62 at 20-25. Accordingly, this Objection is overruled.

## C. Established Business Relationship Objection

Plaintiff objects to the Recommendation in that Judge Vaala found that an Established Business Relationship existed under the TCPA and the VTPPA. The Court will address each statute in turn.

### 1. The TCPA

Section 227(c) of the TCPA creates a private right of action for individuals who "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of" the TCPA's Do-Not-Call registry regulations. 47 U.S.C. § 227(c)(5). Those regulations, in turn, provide that "no person or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . ." 47 C.F.R. § 64.1200(c)(2). The TCPA expressly excludes from its definition of "telephone solicitation" a call or message "to any person with whom the caller has an established business relationship." 47 U.S.C. § 227(a)(4). An "established business relationship"

4

is "a prior or existing relationship formed by a voluntary two-way communication . . . on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200(f)(5).

In the Recommendation, Judge Vaala found that Plaintiff had an established business relationship under the TCPA. Taking issue with Judge Vaala's determinations, Plaintiff argues that his "feigned interest or compelled responses" did not satisfy the standard to create an established business relationship. Dkt. 63 at 3. Plaintiff asserts that he had no relationship with the person on whose behalf the calls were made. Dkt 65-2 at 3. Specifically, Plaintiff argues that his only "goal was to identify the underlying beneficiaries" of the calls and that this is far from establishing a business relationship. *Id.*[2] Accordingly, this Court will determine whether Plaintiff entered into an established business relationship with any of the Defaulting Defendants between the relevant dates of August 30, 2019, and September 25, 2019.[3] This Court therefore focuses on calls made by the Defaulting Defendants on or after August 30, 2019, and on or before September 12, 2019.

---

[2] Plaintiff, in his Amended Objection, adds a novel theory that CounselorChen's "façade demonstrates the lack of any legitimate business relationship" to support his objection that there was no establishes business relationship during any of the phone calls at issue. Plaintiff is incorrect. CounselorChen's status as a legitimate or illegitimate legal organization does not impact the analysis of Plaintiff's claims against the Defaulting Defendants. Accordingly, this Court will overrule Plaintiff's Amended Objection in this regard.

[3] The first phone call Plaintiff received was made by an individual named "Jason" who said he "was with Credit Solutions." Dkt. 19 ¶¶ 30, 34. "Jason" is not a Defaulting Defendant. Accordingly, this Court need not analyze whether Plaintiff had entered into an established business relationship with "Jason" for the purposes of his TCPA claim. Moreover, in the Recommendation, Judge Vaala granted Plaintiff's motion as to Defaulting Defendants Estrada and Consumer Solution Center under the TCPA for phone calls placed to Plaintiff on September 23 and 25, 2019. Because Plaintiff prevailed on his Motion with respect to the calls on those dates, Plaintiff can have no basis on which to object and the Court need not address the calls on those dates.

5

After Plaintiff "feigned interest" in the August 30 phone call made by "Jason," "Jason" transferred Plaintiff to Defendant Estrada. Dkt. 19 ¶¶ 38, 39. Defendant Estrada explained over the phone various debt reduction services offered by the Consumer Solution Center, including the involvement of CounselorChen, P.C., a Virginia law firm, and Plaintiff continued to express interest in the services. *Id.* Based on these allegations, this Court finds that because Plaintiff "inquir[ed]" about Consumer Solution Centers "products or services," *id.*, Plaintiff entered into an established business relationship with Consumer Solution Center during the August 30, 2019 call. *See Charvat v. Southard Corp.*, 2019 WL 13128407, at *5 (S.D. Ohio Sept. 30, 2019) ("Plaintiff moved from inquiries geared towards discovering [defendant's] identity to a seeming legitimate question about what was being marketed. This was sufficient to create an EBR . . . ."); *Morris v. Copart*, 2016 WL 6608874, at *9 (E.D. Tex. Nov. 9, 2016) (stating that "the [p]laintiff's false affirmation that he had a vehicle to donate established a business relationship, excusing subsequent calls made in furtherance of that business relationship and for the stated purpose of that relationship—to effectuate [the p]laintiff's donation of a car"). This relationship was only terminated when the Plaintiff made a do-not-call request during a September 12, 2019 phone call. Thus, the August 30 and September 12 calls, and all calls and texts made in between that time frame, were placed during the course of the established business relationship between Plaintiff, Estrada, and the Consumer Solution Center, and thus were not telephone solicitations within the meaning of the TCPA. Accordingly, the Court overrules Plaintiff's Objection on this basis.[4]

---

[4] Plaintiff attempts to avoid this outcome by further arguing, that even if there was an established business relationship for phone calls by Estrada and/or the Consumer Solution Center between August 30 and September 12, "an established business relationship does not except calls made to wireless phones using an automated telephone dialing system (ATDS) or a prerecorded message. Dkt. 65-2 at 6. Plaintiff alleges that an ATDS was used specifically in the August 30 phone call. The Court is unconvinced. First, Plaintiff's allegations suggest that the calls at issue were targeted to Plaintiff's wife or Plaintiff, and thus were not made using an ATDS. When

6

2. The VTPPA

The VTPPA defines a "telephone solicitation call" as

> [A]ny telephone call made or initiated to any natural person's residence in the Commonwealth, to any landline or wireless telephone with a Virginia area code, or to a landline or wireless telephone registered to any natural person who is a resident of the Commonwealth or any text message sent to any wireless telephone with a Virginia area code or to a wireless telephone registered to any natural person who is a resident of the Commonwealth, for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment, including offering or advertising an extension of credit or for the purpose of fraudulent activity, including engaging in any conduct that results in the display of false or misleading caller identification information on the called person's telephone.

*Id*. For purposes of section 59.1-514, a telephone solicitation call "shall not include a telephone call made to any person . . . with whom the person on whose behalf the telephone call is made has an established business relationship." *Id*. § 59.514(D). The VTPPA defines an established business relationship as

> [A] relationship between the called person and the person on whose behalf the telephone solicitation call is being made or initiated based on . . . the called person's inquiry or application regarding any property, good, or service offered by the person on whose behalf the telephone solicitation call is being made or initiated within the three months immediately preceding the date of the call.

*Id*. § 59.1-510.

Here, Plaintiff again objects to the Recommendation's determination that an established business relationship existed this time under Section 514 of the VTPPA. Plaintiff argues that under

---

Plaintiff answered the August 30, 2019 call, "Jason" asked for Jacqueline Beal, Plaintiff's wife and the registered owner of the account associated with Plaintiff's cell phone number. Dkt. 19 ¶¶ 27, 32; *see also* ¶ 41 ("The initial caller was possibly asking for Mrs. Beal as a result of the line being in Ms. Beal's name with Verizon and previously with Comcast."). This Court finds it highly implausible that "Jason" made the call to Plaintiff's cell phone number using an ATDS. *Cf. Facebook, Inc. v. Duguid*, 592 U.S. 395, 400-06 (2021) ("targeted, individualized" communications "to numbers linked to specific accounts" do not state an ATDS claim under the TCPA). Rather, the August 30, 2019 call was targeted to Plaintiff or his wife, as the account holder. Accordingly, Plaintiff's objection is overruled.

7

Va. Code § 59.1-514(D), the VTPPA limits the established business relationship defense and "does not shield a solicitor who fails to identify the person on whose behalf the call is made." Dkt. 63 at 3. Plaintiff alleges that Defendants were lead generators who did not disclose who they worked for, "making the EBR defense categorically inapplicable under the VTPPA." *Id.* Plaintiff here misstates the applicable law, and his Objection will be overruled.[5]

As discussed *supra*, the August 30, 2019 call was made by an individual named "Jason" who is not one of the Defaulting Defendants. "Jason" was a purported representative of Credit Solutions, an entity that Plaintiff alleges was distinct from the Consumer Solution Center. Dkt. 19 ¶¶ 30, 34, 39. Furthermore, Plaintiff does not allege that "Jason" was calling on behalf of any of the Defaulting Defendants or, relatedly, that any of the Defaulting Defendants "cause[d]" the August 30, 2019 telephone solicitation "to be initiated." Va. Code § 59.1-514(B). Accordingly, the August 30, 2019 phone call is not actionable under Section 514 against any of the Defaulting Defendants.

Thus, the Court is only left with calls and texts on and before September 12, 2019. As discussed *supra*, any communications during this period were not telephone solicitations because they were initiated during the course of Plaintiff's established business relationship with Consumer Solution Center. On September 12, 2019, Plaintiff terminated that relationship by "inform[ing] Consumer Solution Center not to call Plaintiff again." Dkt. 19 ¶¶ 85, 86. Accordingly, this Court overrules Plaintiff's Objection.

    D. The TCPA Analysis of Spoofing, Automatic Dialing, and Do-Not-Call Objection

---

[5] In the Recommendation, Judge Vaala found in favor of Plaintiff's Section 514 VTPPA claims against Estrada and the Consumer Solution Center as to the September 23 and 25, 2019 phone calls because the Recommendation determined that any established business relationship was terminated on September 12, 2019. The Court will accordingly focus its analysis on calls made between August 30 and September 12, 2019.

Plaintiff next argues that the Recommendation "misappl[ied] the TCPA by failing to analyze claims involving (i) spoofing under 47 U.S.C. § 227(e), (ii) the presumed use of autodialing systems, and (iii) the failure to maintain internal Do Not Call policies." Dkt. 63 at 5. The Court will take each of these objections in turn.

### 1. Spoofing Under 47 U.S.C. § 227(e)

Plaintiff alleges that the Recommendation failed to analyze his claims involving spoofing under 47 U.S.C. § 227(e). This objection is not well taken because Plaintiff's Amended Complaint did not seek relief under 47 U.S.C. § 227(e). *See* Dkt. 19 ¶¶ 33-37 (seeking relief as to Counts I through IV under 47 U.S.C. §§ 227(b)–(c), Count V under Virginia Code §§ 59.1-510–518, and Count VI under Virginia Code § 59.1-200(1)). Nor has Plaintiff sought to further amend his claims to seek such relief. Accordingly, any claim under Section 227(e) is not properly before the Court, and Plaintiff's Objection is overruled.

### 2. Automatic Dialing

Plaintiff alleges that the Recommendation mis-analyzed his claim under the TCPA with regard to the presumed use of the autodialing systems or an ATDS. To state a claim under Section 227(b), where there was no alleged artificial or prerecorded voice, a plaintiff must allege that the defendant called the plaintiff's cellular telephone using an automated dialing system without the plaintiff's prior express consent. *See Nickson v. Advanced Mktg. & Processing, Inc.*, 2023 WL 4932879, at *3 (D. Md. Aug. 2, 2023). In this regard, the Recommendation held that Plaintiff failed to plead "facts sufficient to find that one or more of the Defaulting Defendants made calls using an ADTS." Dkt. 62 at 11. In objecting, Plaintiff asserts that he "heard a pause and ballon pop type sound before a human agent came on the line," and that "[n]o prerecorded message was played." Dkt. 63 at 5; *see also* Dkt. 65-2 at 15. Plaintiff argues that these facts plausibly suggest

9

the use of a predictive dialer. *Id.*

As stated *supra*, Plaintiff's own allegations regarding the phone calls of which he complains contradict rather than support the inference that an ATDS was used. Specifically, Plaintiff alleges in his Amended Complaint that, when he answered the August 30, 2019 call, "Jason" asked for Plaintiff's wife and the registered owner of the account associated with Plaintiff's cellphone number. Dkt. 19 ¶¶ 27,32. Thus, Plaintiff has failed to plausibly allege that the call made to Plaintiff was made using an ATDS. *Cf. Facebook, Inc. v. Duguid*, 592 U.S. 395, 400-06 (2021) ("targeted, individualized" communications "to numbers linked to specific accounts" do not state an ATDS claim under the TCPA). Accordingly, Plaintiff's Objection is overruled.

### 3. Do Not Call Policy Violation

Finally, Plaintiff objects to the Recommendation and alleges that he sufficiently pleaded a claim that "Defendants did not have or failed to provide a Do Not Call policy upon request in violation of the TCPA's internal DNC regulations" under 47 C.F.R. § 64.1200(d). Dkt. 65-2 at 12. This Court disagrees. Plaintiff did not request relief under 47 C.F.R. § 64.1200(d). *See* Dkt. 19 ¶¶ 33-37 (seeking relief as to Counts I through IV under 47 U.S.C. §§ 227(b)–(c), Count V under Virginia Code §§ 59.1-510–518, and Count VI under Virginia Code § 59.1-200(1)). Nor has Plaintiff sought to further amend his claims to seek such relief. Accordingly, any claim under Section 64.1200(d) is not properly before the Court, and Plaintiff's Objection is overruled.

### IV. CONCLUSION

Having reviewed Plaintiff's objections, the record, and Judge Vaala's Recommendation, the Court hereby APPROVES and ADOPTS the Recommendation (Dkt. 62); and it is

FURTHER ORDERED that Plaintiff's objections to the Recommendation (Dkts. 63, 65)

are OVERRULED; and it is

FURTHER ORDERED that Plaintiff's Motions for Default Judgment (Dkts. 51, 60) are GRANTED-IN-PART and DENIED-IN-PART; and it is

FURTHER ORDERED that Judgment be entered in Plaintiff's favor against Defendant Consumer Solution Center and Estrada, jointly and severally, for violations of the TCPA, 47 U.S.C. § 227(c), and the VTPPA, Va. Code § 59.1-514; and it is

FURTHER ORDERED that Plaintiff be awarded damages totaling $2,500, representing statutory damages under the TCPA, 47 U.S.C. § 227(c)(5)(B), and the VTPPA, Va. Code § 59.1-515(A); and it is

FURTHER ORDERED that Plaintiff be awarded court costs in the amount of $526.00 under the VTPPA, Va. Code § 59.1-515(C).

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of this Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to enter judgment in favor of Plaintiff, forward copies of this Order to all parties, and close this civil action.

It is SO ORDERED.

Alexandria, Virginia
August 22, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge