IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

FILED
2025 SEP 22  P 3: 44

CHARLES R. CLEMENS,

Plaintiff,

v.  Civil Action No. 1:21-cv-01002

CONSUMER SOLUTION CENTER, et al.,

Defendants.

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff, CHARLES R. CLEMENS, pro se, respectfully moves this Court to reconsider its Order dated August 22, 2025, denying Plaintiff's Objections to the Report and Recommendation ("R&R") under Fed. R. Civ. P. 54(b), and/or in the alternative, under Fed. R. Civ. P. 59(e) or 60(b). In support, Plaintiff states as follows:

1. The Court adopted the Magistrate Judge's R&R, which substantially limited Plaintiff's damages and dismissed the bulk of Plaintiff's claims by applying the "established business relationship" ("EBR") doctrine in favor of defaulted Defendants.

2. Plaintiff respectfully asserts that the Court erred by sua sponte applying an affirmative defense —EBR —on behalf of Defendants who never appeared or pled it. See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992).

3. The Court found an EBR existed based solely on Plaintiff's feigned interest during initial

telemarketing calls. This rationale is flawed. Under the VTPPA and TCPA, engaging with a caller solely to identify the source of an illegal robocall does not create a bona fide EBR. See Charvat v. Southard Corp., No. 2:18-cv-190, 2020 WL 4016319, at *4 (S.D. Ohio July 16, 2020).

4. The EBR exemption under the VTPPA requires either: (i) a prior transaction or purchase; or (ii) a prior inquiry initiated by the consumer. See Va. Code § 59.1-510. No such event occurred here.

5. Plaintiff answered a robocall with a spoofed caller ID. The caller asked for "Mr. Beal," a fictitious name. Plaintiff engaged briefly to identify the caller. This conversation does not reflect a consumer-initiated inquiry or genuine interest sufficient to support an EBR.

6. Even if a court were to find some level of interaction, the VTPPA mandates that a DNC request terminates any exemption. Va. Code § 59.1-514(D)(iii). The Court failed to account for this mandatory revocation provision.

7. The result of the Court's interpretation is to create a perverse incentive: a consumer must hang up immediately and forgo any effort to identify the violator, or else risk nullifying their rights.

8. The Court's Order effectively nullifies statutory protections where the identity of the seller is obscured by layers of lead generators using fake names and untraceable caller IDs.

9. Plaintiff asserts that his Amended Complaint alleged sufficient facts to plausibly state claims under the TCPA and VTPPA against the named Defendants. These facts include:

    a. Use of spoofed caller ID numbers;

    b. Failure to identify the caller or seller;

    c. Calls placed despite Plaintiff's DNC registration and requests to stop;

    d. False representations about the relationship to the law firm CounselorChen; e. Absence of any SANS number or DNC compliance policy.

10. The lead generator, identified as "Jason," likely operating offshore, violated multiple VTPPA provisions before any EBR could even be argued to have arisen.

11. The Court did not address Plaintiff's arguments regarding: a. The lack of genuine interest; b. The ongoing deception regarding seller identity; c. The Cunningham v. Rapid Response precedent requiring identification of the caller for a TCPA claim to proceed .

12. Further, the Court failed to consider the Attorney General investigations referenced in Plaintiff's filings, which substantiate the existence of the "attorney model" of debt relief fraudulently tying attorneys to non- attorney lead generators. These issues bear directly on Defendant Chen's involvement.

13. Defendant Chen was portrayed as the seller but denied knowledge of CSC. The documents signed at the Starbucks meeting bear his name, yet he now denies any involvement. This is classic indicia of the attorney model used to evade accountability.

14. Plaintiff also requests reconsideration of the dismissal of claims against Defendant Brittain, who, though judgment -proof, remains jointly and severally liable.

15. Finally, reconsideration is warranted to correct a clear error of law and prevent manifest injustice. See In re Navy Chaplaincy, 850 F. Supp. 2d 86, 91 (D.D.C. 2012).

   WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Vacate or modify its August 22, 2025 Order;

(b) Reject the application of the EBR defense to defaulted Defendants;

(c) Reinstate all claims and statutory damages pleaded in the Amended Complaint;

(d) Set this matter for hearing; and

(e) Grant such othe r and further relief as justice may require.

Respectfully submitted,

*[signature]*

Charles R. Clemens

Pro Se Plaintiff
22527 Welborne Manor Sq.
Ashburn, VA 20148
(518) 495-9301
Nychuck@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2025, a true and correct copy of the foregoing Motion for Reconsideration was filed and served via hand delivery to the Clerk of the United States District Court for the Eastern District of Virginia, Alexandria Division, 401 Courthouse Square, Alexandria, VA 22314.

*[signature]*
_____
Charles R. Clemens

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____ DIVISION

<u>Charles R. Clemens</u>
Plaintiff(s),

v.

Civil Action Number: <u>1:21-CV-1002</u>

<u>Consumer Solution Lewien</u>   <u>RDA-LRV</u>
Defendant(s),
ET AL

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of <u>Plaintiff Rule 72(b) Objections</u>   Reconsider Motion
(Title of Document)

<u>Charles R. Clemens</u>
Name of *Pro Se* Party (Print or Type)

<u>[signature]</u>
Signature of *Pro Se* Party

Executed on: <u>9/22/25</u> (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)