UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION



PETITIONER'S EXHIBIT

A

Charles R. Clemens,

Plaintiff,

v.                                                        Civil Action No. 1:21-cv-1002 (RDA/LRV)

Consumer Solution Center, et al.,

Defendants.

## AMENDED MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(b)

Plaintiff Charles R. Clemens, pro se, respectfully moves under Fed. R. Civ. P. 60(b)(1) and 60(b)(6) to vacate the Court's August 22, 2025, Order (Dkt. No. 70) and accompanying judgment. Plaintiff seeks relief based on legal error, misapplication of statutory presumptions, and the Court's sua sponte reliance on an unpleaded affirmative defense. In support, Plaintiff states:

1.      The judgment rests on a sua sponte finding that the calls were made "on behalf of" Consumer Solution Center (CSC), despite the absence of seller-level evidence and the statutory presumption under Va. Code § 59.1-514.1(B). The Court did not test that presumption against the record, which shows only peripheral indicia of CSC's involvement — including a closed UPS mailbox, returned mail, and a single assignment email inconsistent with other record evidence.

The judgment thus resolves a statutory question without evidentiary support from the party who would bear the burden under Virginia law.

2.      The Court also applied an affirmative defense — Established Business Relationship (EBR) — against defaulted defendants who never pleaded or rebutted that defense. This violates the principle that default admits well-pleaded facts but does not permit the Court to impose unpleaded affirmative defenses sua sponte. The judgment eliminates statutory damages based on a defense that was never asserted, never tested, and never supported by seller-level evidence.

3.      The Court's Order (Dkt. No. 70) fails to address the attorney-model framework reflected in the record. That framework — common in debt-reduction schemes — uses lead generators and short-term entities to funnel consumer leads to attorneys whose letterhead presence conceals the underlying seller. The record shows that CounselorChen's role was limited and paper-based, consistent with a names-on-letterhead model. The Court did not analyze this structure or apply the statutory presumption to it, resulting in a judgment that misallocates the burden and overlooks the seller-level inquiry required under Va. Code § 59.1-514.1(B).

4.      The Court's reliance on Charvat, Morris, and Hamilton misapplies the factual predicates of those cases. In Charvat, Morris, Hamilton, and similar decisions the plaintiffs either knew, or were in a position to know, the identity of the seller at or near the time of the calls, or the record established a buyer-seller relationship supporting an EBR; those circumstances differ materially from the facts here, where the caller masked its identity, transfers and spoofing occurred, and the plaintiff engaged only to determine who was behind the calls. In Charvat v. Southard, the court recognized that an EBR may arise if the recipient expresses genuine interest, but even there the plaintiff learned the seller's identity early and the decision still awarded relief for the initial calls (Charvat v. Southard Corp., No. 2:18-cv-190, 2020 WL 4016319, at *4 (S.D. Ohio July 16,

2- 4

2020)). By contrast, Plaintiff here never contacted any defendant, never expressed genuine interest, and never engaged in voluntary two-way communication. The interest was feigned solely to identify the caller — a tactic the court in Cunningham expressly upheld. The program promoters behind the calls mirror the attorney-model structure used in debt-reduction schemes, yet the Court's ruling did not address that framework or test the statutory presumption against seller-level evidence.

5. Cunningham v. Rapid Response Monitoring Servs., Inc., 251 F. Supp. 3d 1187 (M.D. Tenn. 2017), confirms that a plaintiff's investigative conduct does not defeat statutory protection. There, the plaintiff admitted he "faked interest" to identify the caller, yet the court upheld his claim and emphasized the statutory focus on the caller's conduct and the privacy invasion. The judgment here contradicts Cunningham by penalizing Plaintiff's investigative conduct and resolving the "on whose behalf" question without testing the presumption against seller-level evidence.

6. Relief under Rule 60(b)(1) is warranted because the judgment rests on clear legal error: misapplication of statutory burdens, reliance on unpleaded affirmative defenses, and failure to address controlling precedent. Relief under Rule 60(b)(6) is warranted because the judgment undermines the statutory framework and procedural fairness, especially considering Plaintiff's medical limitations and the technical failures that affected prior filings.

7. Plaintiff requests that the Court vacate the judgment and permit re-briefing of the statutory issues with full consideration of the seller-presumption, the attorney-model framework, and the evidentiary gaps in the record. Plaintiff also requests permission to file any limited medical declaration in camera under Local Civ. R. 5 and 10(E), or to submit proof of continuing technical document assembly failures if the Court prefers that route.

3-4

WHEREFORE, Plaintiff respectfully asks the Court to:

a.  Vacate the August 22, 2025, judgment and Order (Dkt. No. 70);

b.  Permit re-briefing of the statutory and evidentiary issues; and

c.  Allow in-camera, under-seal submission of any limited medical or technical affidavit with a public redacted summary.

Dated: November 3, 2025

Respectfully submitted,

_____

Charles R. Clemens
Plaintiff Pro Se

22527 Welborne Manor Sq.
Ashburn, VA 20148
(518) 495-9301
nychuck@hotmail.com

4-4